The opinion of the Court was delivered by
Colgook, J.
It is unnecessary to take notice of any other than the second ground, as the Court concur with the presiding judge on all the others.
In a question, whether there has been a marriage, proof that the parties lived together, as man and wife, if not rebutted, will be conclusive.[2] But this evidence is only presumptive, aud like many other presumptions, may be rebutted by circumstances or positive proof. Where person live together, as man and wife, their declarations are, for the most part, given in evidence, and if these declarations be contradictory, it will of course create doubt, and must be left to the jury to determine. As to creditors and inter vivos, it is said the testimony ought not to be admitted. But as to the rights of either husband or wife, or their children, they are admissible. It does not follow, because such declarations were made, that they should be conclusive. The time, place, manner, and an infinity of other circumstances, will have their weight in determining the degree of credit which will be given to them. Perhaps they would be particularly liable to suspicion, when made by a man who had lived with a woman, as his wife, for a number of years. There can be no danger in admitting such testimony. *It would never be required, except in cases of [*117 doubt. There can be no interest in the parties from whom the evidence must come, if or indeed any bias of the mind, which would be calculated to lead to error For where the interest of either the husband or wife is concerned, it must be the declarations of the one, who is no more, which are to be given in evidence; and they would not therefore be liable to suspicion, as it can scarcely be believed that such decla *440 rations would be made with a view to destroy rights, which can only exist after the person making them shall be dead, and where the rights of children are concerned. The security is, that no one, however base, is disposed to render himself more so by false assertions. But who could complain of the admission of such testimony ? Surely not the woman who has placed herself in a suspicious situation.' She could easily have prevented this by pursuing a virtuous and honorable course. And this may be urged as an additional reason for the admission of the testimony, that it will tend to repress vice. In the case of Goodright Ex. dem. Stephens v. Moss and others, ejectment for two messuages, (Cowper, 593,) two questions arose :
Peareson and Olendinen, for the motion. Williams, contra.
1. Whether the father and mother could have been examined if alive ?
2. Whether their declarations, after their dehth, can be admitted as evidence? Howarth and Jones showed cause, and insisted that the testimony of parents in their lifetime, , or théir delarations after their decease, might be admissible, in cases where proof of the marriege was presumptive only, as by cohabitation or general reputation. Lord Mans-' field decided in this case, that the declarations of the mother were admissible, and a new trial was granted. ,In the King v. Inhabitants of Bramley, 6 Dun. and East, 330, the wife-was offered to prove she was never married, and the declarations of both husband and wife to the same purpose. The court below rejected the evidence. Lord Kenyon, stopping the -^counsel for the motion, said, “This evidence was certainly admissible, though the justices at the sessions were to judge of the effect of it. In the case of the King v. The Inhabitants of St. Peters, it was expressly held, that the supposed husband was a competent witness to disprove the marriage. There are also many other cases of this kind, but in all of them such testimony is open to great observation.” See Mace v. Cadwell, Cowper, 232. Phillips, 176-7.
The motion, is, therefore, granted.
3STott, Johnson and BiohaRdson, JJ., concurred.

 4 MeC. 256.