JOHN DOE, on the demise of GRACE POTE, JAMES HARKINS AND JOSEPH HARKINS, *vs.* RICHARD ROE, Casual Ejector, and HELEN FARREN, Tenant in Possession.

*(December 14, 1924.)*

HARRINGTON, J., sitting.

*George W. Lilly* for plaintiffs.

*Everett E. Borton* and *Ellwood F. Melson* for defendant.

Superior Court for New Castle County, November Term, 1924.

 No. 68, March term, 1924,

HARRINGTON, J. ██ The apparent purpose of the defendant is to show by declarations of Bernard Farren that he, and not the plaintiffs, was the heir at law of Mrs. Siber at the time of her death. That declarations of a deceased member of a family, with respect to questions of pedigree, when made before the particular controversy arose, and, therefore, when there was no motive to misrepresent, are ordinarily admissible as exceptions to the hearsay rule, is not denied. *Jones on Evidence* (Blue Book), § 312; *Chamberlayne's Handbook on Evidence*, §§ 927, 928.

██ It is well settled, however, that before such declarations can be proved there must be some independent, direct or circumstantial proof that the declarant was a member of such family and his own declarations to that effect are not admissible. *Jones' Blue Book on Evidence*, § 313; *Chamberlayne's Handbook on Evidence*, §§ 928, 932; *Wigmore on Evidence*, § 1490; *Blackburn v. Crawford*, 3 *Wall*. 175, 18 *L. Ed*. 186; *Aalholm v. People*, 211 *N. Y*. 406, 105 *N. E*. 647, L. R. A. 1915D, 215, *Ann. Cas*. 1915C, 1039. The answer to the above question must, therefore, be stricken out.

Annie Connor, a witness for the defendant, also testified as follows:

"Q. Did you ever hear Mrs. Siber say anything about having any relations in this city?

"A. I didn't hear her say anything only about Mr. Farren; she said he was her own cousin.

"Mr. Lilly, Attorney for Plaintiffs: I object and ask that the answer be stricken out on the ground that this witness has shown no knowledge at all of this family."

HARRINGTON, J. ██ I think both the question and answer are admissible. The witness testifies to a declaration with respect to her family made by Annie Siber herself, and not to a declaration made by a third person. When such a declaration concerns the declarant only, adequate knowledge on her part need not be shown by independent evidence of relationship, as a person may naturally speak concerning herself. *Jones' Blue Book on Ev*. § 313; *Wigmore on Ev*. § 1490; *Malone v. Adams*, 113 *Ga*. 791, 39 *S. E*. 507, 84 *Am. St. Rep*. 259; *Wise v. Wynn*, 59 *Miss*. 588, 42 *Am. Rep*. 381; *Young v. State*, 36 *Or*. 417, 59 *P*. 812, 60 *P*. 711, 47 *L. R. A*. 548; *Allan v. Hall*, 2 *Nott & McC*. 114, 10 *Am. Dec*. 578.